IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-00536-PAB-CBS

MARK ALAN LESLIE,
    Plaintiff,
v.

THOMAS F. FARRELL, P.C. d.b.a. FARRELL & SELDIN, a Colorado Law Firm,
THOMAS F. FARRELL, Atty Reg. #9712,
BARRY A. SELDIN, Atty Reg. #14699,
PAMELA J. DOTSON, Atty Reg. #38321, and
IAN T. BALLARD, Atty Reg. #38312,
    Defendants.

## RECOMMENDATION REGARDING DEFENDANTS' MOTION FOR DISMISSAL AND MOTION FOR SANCTIONS

Magistrate Judge Craig B. Shaffer

THIS MATTER comes before the court on Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for Sanctions Pursuant to 15 U.S.C. § 1692k(a)(3) (doc. #7), filed March 23, 2012. Plaintiff Leslie filed his response (doc. #10) on April 23, 2012. Defendants filed their reply (doc. #11) on May 7, 2012.

In an Order of Reference (doc. #3) dated March 2, 2012, this matter was referred to the Magistrate Judge to schedule, hear, and determine all non-dispositive pretrial matters, and to conduct hearings and submit proposed findings of fact and recommendations for rulings on dispositive motions. Having carefully reviewed the pending motions, the related briefs, and the applicable law, the court recommends that Defendants' Motion to Dismiss and Motion for Sanctions be denied.

## BACKGROUND

Mark Allen Leslie, the *pro se* plaintiff, brings this case against Defendant Farrell, a law firm and debt collector, and its associates. Mr. Leslie asserts that Farrell, in attempting to collect a disputed debt, repeatedly violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, (FDCPA) and corresponding provisions of the Colorado Fair Debt Collection Practices Act, Colo. Rev. Stat. §§ 12-14-101 to -137, (CFDCPA).[1]

Mr. Leslie's claims stem from Farrell's alleged failure to validate Mr. Leslie's debt after a timely validation request following Farrell's initial communication to Mr. Leslie regarding the debt in question. *See generally* Compl. (doc. #1) ¶¶ 16-91. According to Mr. Leslie, Farrell violated 15 U.S.C. § 1692g by continuing to attempt to collect the non-validated debt through subsequent communications and a state court action. *See id.* In addition, Mr. Leslie asserts that Farrell's inconsistent references to the creditors, collectors, involved accounts, and the amount constitute false and misleading representations and unfair means under § 1692e-f. *See id.* Lastly, Mr. Leslie classifies Farrell's warnings of legal action as harassment under § 1692d, citing Farrell's voluntary dismissal of a related state court action as evidence of the debt's invalidity. *See id.*

In response, Farrell filed the pending Motion for Dismissal and Motion for Sanctions (doc. #7), arguing that the majority of Mr. Leslie's claims are barred by the one year statute of limitations imposed by § 1692k(d), and that any claims based on Farrell's actions within the one year period are meritless. Further, Farrell seeks sanctions under § 1692k(a)(3) based on the premise that Mr. Leslie's bad faith can be inferred from his frivolous claim.

---

[1] The CFDCPA may not be used to collect "double damages" in conjunction with the FDCPA. Colo. Rev. Stat. § 12-14-113(6). As the material provisions of the CFDCPA are virtually identical to the corresponding provisions of the FDCPA, this court will only review Mr. Leslie's FDCPA claims. Mr. Leslie's inclusion in the alternative of CFDCPA claims was unnecessary but not improper as Farrell alleges.

The events that precipitated the underlying action are not in dispute. On April 3, 2010, Mr. Leslie received a collection letter from Farrell dated March 18, 2010, alleging a debt. Compl. (doc. #1) ¶ 16. Mr. Leslie subsequently mailed Farrell a debt validation request, disputing the debt, which Farrell received on April 15, 2010. *Id.* ¶¶ 22-23. Farrell sent Mr. Leslie two more collection letters in 2010, in which the only mention of an original creditor was the name "LL06" without an address. *See Id.* ¶¶ 24-59. The December 2010 letter contained an affidavit from an employee of FIA Card Services describing FIA, with whom Mr. Leslie denies having a contractual relationship, as a current creditor. Compl. (doc. #1) ¶¶ 51-57; Pl.'s Resp. to Def.'s Mot. (doc. #10) Ex. B. Mr. Leslie notes that the amount of the debt stated in the December 2010 letter is $1055 higher than the amount in the initial letter. Compl. (doc. #1) ¶ 54.

On February 26, 2011, Farrell, representing creditor FIA Card Services, served Mr. Leslie with a summons and complaint in a state court action in Boulder County, Colorado, to recover the debt. Def.'s Mot. to Dismiss ¶ 6; *Id.* Ex. A. After a delay in the case, Farrell filed a motion for a new "at issue date"[2] on September 7, 2011, initial disclosures on October 5, 2011, and a motion to amend the complaint to remove FIA's request for interest and attorney's fees on November 2, 2011. Pl.'s Resp. to Def.'s Mot. to Dismiss (doc. #10) ¶ 18; *Id.* Exs. D, E. FIA's initial disclosures included "Payment Copies and Corresponding Statements" from 2008 and 2009 for a Bank of America credit account in Mr. Leslie's name. Def.'s Mot. to Dismiss (doc. #7) Ex. B; Pl.'s Resp. to Def.'s Mot. to Dismiss (doc. #10) Ex. C. Mr. Leslie submitted initial discovery requests on November 28, 2011, which included a request for the name and address of the original creditor. Compl. (doc. #1) ¶ 80; Def.'s Mot. to Dismiss (doc. #7) Ex. C. On

---

[2] The "at issue date" is defined in the Colorado Rules of Civil Procedure as the date that the last Rule 7 pleading has been served. Colo. R. Civ. P. 16(b)(1). In Colorado, many of the default case management deadlines are based on the "at issue date." *See* 11 Debra Knapp et. al., *Colo. Prac.* § 16.3 (2d ed.). A motion for a new "at issue date" is essentially a shortcut for requesting multiple new deadlines.

December 6, 2011, FIA, through Farrell, voluntarily dismissed the state court action. Comp. (doc. #1) ¶ 81; Def.'s Mot. to Dismiss (doc. #7) ¶ 15.

Mr. Leslie followed the dismissal of the state court action with a January 3, 2012, "settlement offer" letter to Farrell, alleging violations of the FDCPA and requesting that Farrell compensate him in order to avoid a lawsuit. Compl. (doc. #1) ¶¶ 84-85. Farrell replied in a letter dated January 6, 2012, warning that "such a frivolous and groundless action" would be met with a request for sanctions against Mr. Leslie. *Id.* ¶¶ 86-89; Pl.'s Resp. to Def.'s Mot. to Dismiss (doc. #10) Ex. F. Farrell's letter further warned that FIA was "still able to pursue a judgment on this account through new litigation" and proposed a mutual agreement to waive rights to further legal action regarding the matter. Pl.'s Resp. to Def.'s Mot. to Dismiss (doc. #10) Ex. F. That same letter contained the following notice below the body of the letter: "This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose." *Id.* Mr. Leslie initiated the instant action on March 1, 2012.

## ANALYSIS

Farrell moves to dismiss Mr. Leslie's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To withstand a motion to dismiss, "a complaint must contain enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). However, pleadings that are no more than legal conclusions "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). In applying this standard, plausibility refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to

4

plausible.'" *Robbins v. Oklahoma,* 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Additionally, "a pro se litigant's pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers," but this relaxed standard "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Farrell points out and Mr. Leslie concedes[3] that most of the violations Mr. Leslie alleges occurred before March 1, 2011, and thus beyond the one-year statute of limitations for recovery under the FDCPA. 15 U.S.C. § 1692k(d). "If the allegations [in the complaint] . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim." *Jones v. Bock*, 549 U.S. 199, 215 (2007). Mr. Leslie notes that at least one court has held that time-barred FDCPA violations may be relevant to proving a pattern of abuse. Pl.'s Resp. to Def.'s Mot. to Dismiss (doc. #10) ¶ 14 (citing *Pittman v. J.J. Mac Intyre Co. of Nev., Inc.*, 969 F.Supp. 609, 612 (D. Nev. 1997)). However, even that court required at least one violation that was within the statute of limitations. *Pittman*, 969 F.Supp. at 611. This court must therefore determine whether Mr. Leslie has made a plausible claim about a violation that occurred after March 1, 2011.

Mr. Leslie cites as violations of the FDCPA occurring after March 1, 2011: 1) filings in the state court action; and 2) the exchange of letters pertaining to Mr. Leslie's "settlement offer." Mr. Leslie contends that the state court action itself, initiated on February 26, 2011, constituted a misleading and inappropriate effort to collect a debt, and that Farrell's modifications of the complaint after March 1, 2011, effectively changed the accrual date of claims arising from the court action for purposes of the FDCPA statute of limitations. Mr. Leslie has an additional

---

[3] Mr. Leslie "admits that any violations that occurred prior to March 1, 2011 are time-barred by the one-year statute of limitations." Pl.'s Resp. to Def.'s Mot. to Dismiss (doc. #10) ¶ 14.

contention that his later discovery requests constituted a new § 1692g validation request and that Farrell's subsequent voluntary dismissal shows a refusal to validate; this argument is irrelevant because § 1692g is violated by continuing collection efforts after a failure to validate, not by the failure to validate alone.

Farrell counters that there is no legal basis for the premise that modifying the "at issue date" or amending a complaint changes the accrual date of claims arising from the underlying action. Farrell also suggests that its role as counsel rather than as a party relieves Farrell of FDCPA liability arising from the action. The latter argument is foreclosed by *Heintz v. Jenkins*, 514 U.S. 291, 292 (1995), which held that the FDCPA applies to the litigation acts of lawyers who regularly engage in debt collection litigation.

When the instigation of a court action constitutes a violation of the FDCPA, the cause of action for the violation accrues on the date of service of process. *Johnson v. Riddle*, 305 F.3d 1107, 1113-14 (10th Cir. 2002). Although the Tenth Circuit has not directly addressed whether subsequent filings in a court action constitute a continuing violation of the FDCPA, the only circuits to consider the issue have rejected that argument. *Schaffhauser v. Citibank (S.D.) N.A.*, 340 F. App'x 128, 131 (3d Cir. 2009) ("Generally, our decisions have limited the continuing violation doctrine to the employment discrimination context. We decline to extend the doctrine to the [FDCPA]") (citations omitted); *Naas v. Stolman*, 130 F.3d 892, 893 (9th Cir. 1997) (limiting the applicability of the FDCPA statute of limitations to the filing of the complaint because that is "the debt collector's last opportunity to comply with the Act"). *See also Nutter v. Messerli & Kramer*, 500 F.Supp.2d 1219, 1223 (D. Minn. 2007) (affirming that "new communications concerning an old claim do not start a new period of limitations") (alteration in original) (citations omitted). However, "[c]onduct which *independently* violates the FDCPA is

actionable if it falls within the limitations period, even if undertaken in pursuit of litigation that was filed outside the limitations period." *Jones v. Inv. Retrievers, LLC*, 2011 WL 1565851 (M.D. Pa. Apr. 25, 2011) (emphasis added) (citations omitted).

Farrell's filings in question from the state court action are its motion for a new "at issue date" and its motion to amend the complaint. The only effect of the amendment was to exclude interest and attorney's fees from the relief requested. Mr. Leslie makes no claim that either of these filings constituted independent violations of the FDCPA. Because there is no legal basis for the premise that filings in a court action change the accrual date of an FDCPA claim, Mr. Leslie's claim alleging that the state court action itself is a violation of the FDCPA is barred by the statute of limitations.

Mr. Leslie argues, in the alternative, that Farrell's January 6, 2012, letter in response to Mr. Leslie's January 3 "settlement offer" is "the latest attempt . . . to collect an alleged and un-validated debt." Compl. (doc. #1) ¶ 91.

The FDCPA provides:

> If the consumer notifies the debt collector in writing within the thirty-day period . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector.

15 U.S.C. § 1692g(b). The verification need not be a "detailed accounting of debt to be collected," but may require identification of "the original loan and the original lender." *Maynard v. Cannon*, 401 F. App'x 389, 396-97 (10th Cir. 2010) (citing *Chaudhry v. Gallerizzo*, 174 F.3d 394, 406 (4th Cir. 1999)) (noting *Chaudry*'s interpretation of the purpose of § 1692g(b), but not expressly adopting *Chaudry*'s strong standard that "verification of a debt involves nothing more than the debt collector confirming in writing that the amount being demanded is what the

7

creditor is claiming is owed"). Further, "the language of § 1692g(b) dictates that each 'failure to cease' collection activity without having validated the debt . . . presents a discrete claim for violation of the FDCPA such that only those collection activities taken outside the limitations period would be time-barred." *Purnell v. Arrow Fin. Services, LLC*, 303 F. App'x 297, 304 (6th Cir. 2008).

It is undisputed that Mr. Leslie's April 12, 2010, letter was a timely validation request, disputing the debt and requesting the name and address of the original creditor. Mr. Leslie's complaint asserts that Farrell has never properly verified the debt by identifying the original creditor, and that Farrell's January 6, 2012, letter constituted a failure to cease collection of the debt. Plaintiff points to three different alleged creditors[4] mentioned in various communications from Farrell, but asserts that none of them was an original creditor and that none of them had a contractual agreement with Mr. Leslie. Whether Farrell's January 6, 2012, letter was an attempt to collect a debt is unclear. Farrell's letter was a response to Mr. Leslie's settlement offer, and the body of the letter did not expressly request payment from Mr. Leslie. However, Farrell's letter noted that FIA through Farrell could still pursue litigation to recover the debt and included the notice: "This is an attempt to collect a debt and any information obtained will be used for that purpose." The notice appears to be boiler-plate language that might well be included on all correspondences with debtors to guarantee conformance with 15 U.S.C. § 1692e(11).[5]

One could infer from Farrell's briefs that Farrell validated the debt via its initial disclosures in the state court action and that Farrell's January 6, 2012, letter was not an attempt to collect the debt. However, in considering a motion to dismiss, the court must draw all

---

[4] The creditors listed are "LL06," FIA Card Services, and Fred Hanna & Associates.
[5] 15 U.S.C. § 1692e(11) requires that initial debt-collection communications disclose that the author is a debt collector attempting "to collect a debt and that any information obtained will be used for that purpose," and requires that subsequent communications disclose that the author is a debt collector.

reasonable inferences in favor of the non-moving party. Because application of the controlling law to the facts at hand is not clear at this stage of the litigation, I must infer that Farrell may not have adequately validated the debt and that its January 6, 2012, letter may constitute a failure to cease collection of the debt. Although most of Mr. Leslie's claims appear to be time-barred, I conclude that the complaint plausibly alleges a failure to cease collection activities after a timely request for validation. Further development of the facts may show that Farrell did validate the debt or did not continue to collect that debt, but "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Additionally, because Mr. Leslie's complaint states a plausible claim for relief, it cannot be described as so frivolous as to merit an inference of bad faith. Therefore, granting Defendants' Motion for Sanctions (doc. #7) on those grounds would be inappropriate.

## CONCLUSION

For the foregoing reasons, the court recommends that Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) and Motion for Sanctions Pursuant to 15 U.S.C. § 1692k(a)(3) (doc. #7) be DENIED. Without further development of the facts, I cannot conclude that Farrell did not violate 15 U.S.C. § 1692g on January 6, 2012, by continuing collection activities without validating the debt.

**Advisement to the Parties**

Within fourteen days after service of a copy of the Recommendation, any party may serve and file written objections to the Magistrate Judge's proposed findings and recommendations with the Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the District Court on notice of the basis for the objection will not preserve the objection for de novo review. "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Failure to make timely objections may bar de novo review by the District Judge of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of the right to appeal from a judgment of the district court based on the proposed findings and recommendations of the magistrate judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999). (District Court's decision to review a Magistrate Judge's recommendation de novo despite the lack of an objection does not preclude application of the "firm waiver rule"); *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901 (10th Cir. 1995) (by failing to object to certain portions of the Magistrate Judge's order, cross-claimant had waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal the Magistrate Judge's ruling). *But see, Morals-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

DATED this 6th day of July, 2012.

BY THE COURT:

s/ Craig B. Shaffer
United States Magistrate Judge